**Judge's Copy**

BROWN, WHITE & NEWHOUSE LLP
GEORGE B. NEWHOUSE, JR. (Cal. Bar No. 107036)
JENNIFER S. KEH (Cal. Bar No. 252178)
333 South Hope Street, 40th Floor
Los Angeles, California 90071-1406
Telephone: 213-613-0500
Facsimile: 213-613-0550
Email: gnewhouse@brownwhitelaw.com

BLANK ROME LLP
BRIAN BANNON (pro hac vice)
ANDREW W. DYER, JR. (pro hac vice)
600 New Hampshire Ave., NW
Washington, D.C. 20037
Telephone: 202-772-5918
Facsimile: 202-572-8364

Attorneys for Plaintiff
ATLANTIC INERTIAL SYSTEMS INC.

FILED
CLERK, U.S. DISTRICT COURT
JAN 28 2009
CENTRAL DISTRICT OF CALIFORNIA
BY             DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ATLANTIC INERTIAL SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> CONDOR PACIFIC INDUSTRIES OF CALIFORNIA, INC., and SIDNEY I. MELTZNER, <br><br> Defendants. | Case No. CV08-02947FMC (PJWx) <br><br> STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER ~~ALLOWING UNDER SEAL FILING OF CONFIDENTIAL DOCUMENTS~~ <br><br> Note changes to ¶ (1), p. 7. <br><br> PJW |

**STATEMENT OF GOOD CAUSE**

**WHEREFORE**, the discovery and trial of this case will involve the exchange of highly sensitive, technical, and proprietary information concerning, among other things, gyroscopic devices and associated components. Such information may include product lines, proprietary drawings, sensitive parts and part numbers, pricing information, and other financial data that are not available to

1  the public, but which are or would constitute confidential, proprietary, patented and
2  otherwise trade secrets of each party.
3      **WHEREFORE**, disclosure of such sensitive documents and information is
4  likely to occur as discovery and Rule 26 obligations will require disclosure of such
5  confidential, proprietary, and trade secret-protected information.
6      **NOW, THEREFORE**, the parties agree and hereby stipulate that the
7  disclosure of such highly confidential and sensitive information to the public may be
8  detrimental to their respective commercial interests. Accordingly, pursuant to Rule
9  26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed, by
10 and between the parties to the above identified action, through their respective
11 counsel, and **ORDERED AND DECREED** that the terms and conditions of this
12 Stipulated [Proposed] Protective Order shall govern the production and handling of
13 documents, answers to interrogatories, responses to requests for admissions,
14 depositions, pleadings, exhibits and other information produced or exchanged
15 during discovery or trial of this action.
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## STIPULATED PROTECTIVE ORDER

1. Any party or non-party providing or participating in discovery in this action may designate as "CONFIDENTIAL" any information or thing provided or used by it in or pertaining to its business that is not generally known, which the designating party would not normally make publicly available and in which the party has a legitimate interest in limiting the disclosure; such as information relating to gyroscopic devices and associated components and parts, distinctive part numbers, product specifications and standardized drawings, product manufacturing techniques, information concerning development activities for products, customer lists and customer information, sales records, cost or pricing information (actual or projected), financial information, non-public patent applications and related communications, marketing strategies, strategic planning information, agreements with third parties, and "trade secrets" as that term is defined in California Civil Code § 3426.1. CONFIDENTIAL material as used in this Order shall refer to the original and copies of any so designated document, testimony or other discovery material, and shall also refer to the information contained in such material. All notes, extracts and summaries of CONFIDENTIAL material shall be considered CONFIDENTIAL material and be subject to the terms of this Order.

2. In designating information as CONFIDENTIAL, a party or non-party shall make such a designation only as to material that the party or non-party in good faith believes constitutes such material as matter used by it in, or pertaining to, its business, is not generally known or otherwise available to the public, which the party or non-party would normally not reveal to third parties or would cause third parties to maintain in confidence, or which is otherwise entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. The party designating materials as CONFIDENTIAL bears the burden of establishing confidentiality.

3. Discovery material designated as CONFIDENTIAL shall be subject to the provisions of this Protective Order, and pending further order of the Court, shall be

1  maintained in confidence by the party (or other authorized person to whom such
2  material is produced or given) as provided herein. CONFIDENTIAL materials may
3  be disclosed only to the following persons:

4      a)     The Court and its officers and employees;

5      b)     Outside counsel of record, employees and agents of such outside
6  counsel who are working under the direct supervision of such outside counsel, and
7  outside vendors providing copying, coding, digitizing and/or trial support services;

8      c)     Non-party experts or other consultants who are not affiliated with a
9  party and who are expressly engaged by outside counsel to provide expert testimony
10 in this matter or to assist in discovery and/or preparation of this action for trial, with
11 disclosure only to the extent necessary to perform such work ("outside
12 consultants"), provided that before any materials are disclosed to any such
13 individual, counsel desiring to disclose materials to such individuals shall first
14 obtain a signed undertaking in the form of Appendix A hereto from each such
15 individual and forward a copy of the undertaking to counsel for the designating
16 party and other counsel of record; and

17     d)     Any other person as to whom the producing party agrees in writing in
18 advance of any disclosure.

19      Upon receiving notice that a party intends to disclose CONFIDENTIAL
20 materials to an individual identified in Paragraph 3(c), the designating party will
21 have five business days to object to the disclosure of the information. Until the five
22 day period expires, or objections are waived, no such materials shall be disclosed to
23 that individual.

24      4. Inadvertent production of material subject to the attorney-client privilege,
25 work product immunity, or other applicable privilege or immunity shall not
26 constitute a waiver of any privilege or immunity <u>provided</u> that the producing party
27 notifies the receiving party in writing promptly after discovery of such inadvertent
28 production. Such inadvertently produced material shall be returned to the producing

1  party upon request. No use shall be made of such material during a deposition or at
2  trial, nor shall such material be shown to anyone who has not already been given
3  access to it subsequent to the request for its return. The party asserting that
4  inadvertently-produced material is subject to an applicable privilege pursuant to this
5  paragraph shall have the burden of establishing the existence of the privilege, and
6  the absence of waiver.

7      5. Once a document or information has been: (a) produced in discovery; (b)
8  used during a deposition; (c) used as an exhibit to a pleading filed with the Court;
9  (d) identified for use at trial; or (e) otherwise disclosed to the Court, the producing
10 party shall have twenty-one days from the date of disclosure to provide notice of any
11 inadvertent production. Notwithstanding any other provision of this Protective
12 Order, failure to provide notice within this twenty-one day period shall result in a
13 rebuttable presumption of a waiver of any and all applicable privileges with respect
14 to the inadvertently produced documents or information only.

15     6. In the event of any disclosure or use of CONFIDENTIAL material, other
16 than in the manner authorized by this Order (or subsequent Court order), counsel for
17 the party responsible for the disclosure shall immediately notify counsel of the party
18 who produced the material of the facts and circumstances of such disclosure,
19 including the identity of the unauthorized recipient(s) and the specific material
20 disclosed to such person, and shall make every effort to prevent further unauthorized
21 disclosure by, among other things, retrieving all such disclosed material and copies
22 of such material.

23     7. No designation of documents, including the papers served and/or filed in
24 this case, as CONFIDENTIAL information shall be effective unless the words
25 "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" is placed or affixed
26 on such material prior to its production. In the event that a producing party
27 inadvertently fails to stamp or otherwise designate a document or other information
28 as CONFIDENTIAL at the time of its production, it may be corrected by written

1  notification to opposing counsel at any time, and the receiving party shall make a
2  reasonable effort to mark the document or information in the manner requested by
3  the producing party and thereafter treat the document in accordance with such
4  marking. Opposing counsel and other authorized recipients of such information
5  shall not be responsible for any otherwise proper actions it took with respect to such
6  information before receiving notice of the designation. Any document produced
7  prior to the execution of this Order shall not be treated as CONFIDENTIAL unless a
8  party otherwise indicates before or after entry of this Order by written notification
9  that the document should be treated as CONFIDENTIAL according to the terms of
10 this agreement.

11     8. Testimony given at a deposition (including exhibits) may be designated as
12 CONFIDENTIAL by an appropriate statement on the record at the time of the
13 giving of such testimony, or within ten days after receipt of the transcript by the
14 counsel for the party whose CONFIDENTIAL material was disclosed at the
15 deposition. Counsel may designate the transcript as CONFIDENTIAL material
16 during the ten day review period by written notification to opposing counsel.
17 During the ten day review period, the entire transcript, including exhibits, shall be
18 deemed CONFIDENTIAL material. If there is no statement on the record
19 designating the transcript or any portion of the transcript as CONFIDENTIAL, and
20 if no such designation is made within the ten day review period, the transcript shall
21 not be considered CONFIDENTIAL, except for designations inadvertently omitted,
22 which may be corrected by written notification as set forth in Paragraphs 5 and 7.

23     9. All material designated CONFIDENTIAL shall be used solely in
24 connection with the prosecution or defense of the claims in this action **and shall not**
25 **be used for any business, commercial, competitive, personal or other purpose,**
26 **including patent prosecution.** Counsel of record and the parties hereto shall take
27 reasonable steps necessary to maintain such CONFIDENTIAL material in
28

1  confidence and prevent persons from using, disclosing, or recording the
2  CONFIDENTIAL material for any other purpose.
3      10. The recipient of any CONFIDENTIAL material that is provided under
4  this Order shall maintain such information in a secure and safe area and shall
5  exercise the same standard of due and proper care with respect to the storage,
6  custody, use, and/or dissemination of such information as is exercised by the
7  recipient with respect to its own proprietary information.
8      11. A party shall be required, pursuant to Local Rule 79-5 and as authorized
9  by this Order and General Order 08-02(D), to move the Court for permission to file under seal any portion of a filing
10 or submission that contains or otherwise discloses documents, information and/or
11 transcripts of testimony that have been designated as CONFIDENTIAL material,
12 including pages of deposition transcripts, exhibits, discovery responses, or
13 memoranda purporting to contain or paraphrase such information. If material is
14 filed under seal because it contains or discloses CONFIDENTIAL information, all
15 court papers that refer to or rely on such evidence shall designate the particular
16 aspects of such filings that are CONFIDENTIAL to enable the Court to maintain
17 such confidentiality.
18     12. The restrictions provided for herein shall not terminate upon the
19 conclusion of this action but shall continue until further order of this Court;
20 provided, however, the restrictions set forth in any of the paragraphs of this Order
21 shall not apply to information or material that may have been produced in discovery
22 in this lawsuit and designated as CONFIDENTIAL if that information or material:
23     a) was, is, or becomes public knowledge, in a manner not in violation of this
24 Order;
25     b) is acquired by the non-designating party from a third party having the right
26 to disclose such information or material;
27     c) was lawfully possessed by the non-designating party prior to entry by the
28 Court of this Order; or

d) is otherwise covered by a Court Order allowing non-confidential disclosure of such material.

13. Notwithstanding any other provision of this Order, non-parties, including former officers or former employees of parties, may be examined at a deposition or trial in this action and may testify concerning any document containing CONFIDENTIAL information of a producing party that clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by, or communicated to the non-party.

14. Each person who receives any CONFIDENTIAL material in accordance with any provision of this Order hereby agrees (or if a third party will be informed) that by virtue of their receipt of such CONFIDENTIAL material that they have subjected himself/herself to the terms of this Order and to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of, this Order.

15. After a final, non-appealable termination of this case, receiving outside counsel may retain copies of all pleadings, correspondence, expert reports and documents considered by experts in preparing said reports, court filings, deposition transcripts and exhibits, court transcripts and exhibits, discovery requests and responses, and other documents, things, copies, and samples to the extent they include or reflect receiving attorney's work product. All other CONFIDENTIAL material produced by a party, and all copies, shall be destroyed, and counsel of record for the receiving party, if requested, shall certify in writing that such material has been destroyed. The obligation on outside counsel to maintain the confidentiality of material designated as CONFIDENTIAL pursuant to this Order shall be deemed continuing.

16. Any party may at any time seek modification of this Order or may challenge the appropriateness or propriety of a designation, by agreement, or failing agreement, by motion to the Court, pursuant to the Federal and Local Rules.

17. The provisions of this Order shall be available for application to non-parties who are required to produce CONFIDENTIAL information in response to a subpoena, and who in good faith believe that such material contains CONFIDENTIAL information as defined herein. Any party to this action or a non-party may designate information produced by the non-party as CONFIDENTIAL within ten days of receipt of the information produced by the non-party. During the ten day period, such information shall be deemed CONFIDENTIAL material. If no such designation is made within the ten-day period, such information shall not be considered to contain CONFIDENTIAL material, except for designations inadvertently omitted, which may be corrected by written notification as set forth for producing parties in Paragraphs 4, 5, and 7.

18. This Protective Order is without prejudice to the right of any party to seek relief from the Court, for good cause shown, from any of the provisions contained in paragraphs 1 through 18, inclusive, hereof.

**IT IS SO STIPULATED:**

Dated: January 21, 2009

Respectfully submitted,

BROWN, WHITE & NEWHOUSE LLP

By _George B. Newhouse (J.K.)_
GEORGE B. NEWHOUSE, JR.
Attorneys for Plaintiff
ATLANTIC INERTIAL SYSTEMS INC.

1  Dated: January 20, 2009        Respectfully submitted,
2
3                                  BROWNE WOODS GEORGE
4
5                                  By _____
6                                     SUSAN KAY LEADER
                                      Attorneys for Defendants
7                                     CONDOR PACIFIC INDUSTRIES
                                      OF CALIFORNIA, INC. and
8                                     SIDNEY I. MELTZNER
9
10
11
12                                 IT IS SO ORDERED.
13                                 DATED: 1/24/09
14                                 _____
                                   UNITED STATES MAGISTRATE JUDGE
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                   10    STIPULATION AND [PROPOSED] PROTECTIVE
                                          ORDER ALLOWING UNDER SEAL FILING OF
                                          CONFIDENTIAL DOCUMENTS

# APPENDIX A

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

### Case No. CV-08-02947 FMC (PJWx)

1. My full name is: _____

2. My address is: _____
   _____

3. My present employer is: _____

4. My job description is: _____

5. My prior regular employment or past or present regular employments with any party to the above-referenced action are: _____
   _____
   _____

6. I also serve as an employee, agent, officer or director of the following entities: _____
   _____

7. I have received a copy of the Protective Order entered in the above-referenced action. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

8. I will not disclose any CONFIDENTIAL materials to anyone not qualified for access to that information under the Protective Order. I will use any such information only with respect to this action.

9.  After final termination of the case, I will return or destroy all CONFIDENTIAL materials that come into my possession, and all documents or things which I have prepared relating to such information, to an attorney representing the party that has employed or retained me.

10. I submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the Protective Order.

DATED this _____ day of _____, 200__.

_____

**Erin Gallagher**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Wednesday, January 21, 2009 2:31 PM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:08-cv-02947-FMC-PJW Atlantic Inertial Systems Inc. v. Condor Pacific Industries of California, Inc. et al Stipulation for Protective Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

## Notice of Electronic Filing

The following transaction was entered by Newhouse, George on 1/21/2009 at 2:31 PM PST and filed on 1/21/2009

| | |
|---|---|
| **Case Name:** | Atlantic Inertial Systems Inc. v. Condor Pacific Industries of California, Inc. et al |
| **Case Number:** | 2:08-cv-2947 |
| **Filer:** | Atlantic Inertial Systems Inc. |
| **Document Number:** | 25 |

**Docket Text:**
**STIPULATION for Protective Order filed by Plaintiff Atlantic Inertial Systems Inc.. (Attachments: # (1) Proposed Order)(Newhouse, George)**

**2:08-cv-2947 Notice has been electronically mailed to:**

Allan Browne     abrowne@dskbwg.com

Andrew W Dyer , JR     dyer-a@blankrome.com

Brian Bannon     bannon-b@blankrome.com

1/21/2009

George B Newhouse , Jr    gnewhouse@brownwhitelaw.com, egallagher@brownwhitelaw.com

Jennifer Sunmi Keh    jkeh@brownwhitelaw.com

Susan B. Flohr    flohr@blankrome.com

**2:08-cv-2947 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Susan Kay Leader
Dreier Stein Kahan Browne Woods George
2121 Avenue of the Stars
Suite 2400
Los Angeles, CA 90067

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Documents and Settings\egallagher\My Documents\Efiling Docs\2009.1.20 AIS Stipulation and [proposed] Protective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=1/21/2009] [FileNumber=7142074-0]
[7969c5c9951d8c0256886708a57ba905a6d0daec7c0b708d44688791a79d8d8df113
b80cb61f1852af23b0753f36c4196eb06ba0b18bca784abcab0efc5a91c0]]
**Document description:** Proposed Order
**Original filename:** C:\Documents and Settings\egallagher\My Documents\Efiling Docs\2009.1.21 AIS [Proposed] Order on Stipulation for Protective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=1/21/2009] [FileNumber=7142074-1]
[31e6ffd337dfb1116d393b7c7c8a2dcb981c0d47c484a268d18b500a8cd528910211
d03a44adef7ab7ba3ef87b87995272bdb0c602fb800c561ad74a9b2f3230]]

1/21/2009