UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:08-cv-02947-CAS(PJWx) | Date | August 18, 2014 |
| Title | ATLANTIC INERTIAL SYSTEMS INC. V. CONDOR PACIFIC INDUSTRIES OF CALIFORNIA, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Elizabeth Treckler<br>George Newhouse, Jr. | Susan Leader<br>Edward Woods |

**Proceedings:**    ORDER RE: DEFENDANTS' MOTION TO STRIKE INSTRUMENT TECH AGREEMENT AND EXCLUDE ANY EVIDENCE BASED THEREON

## I. INTRODUCTION AND BACKGROUND[1]

### A. The Original Action

In the 1960s, defendant Sidney Meltzner founded Condor Pacific Industries, Inc. ("Condor I") to manufacture gyroscopes. Condor I produced these gyroscopes for the military, which integrated them into aircraft as navigational devices. In 2002, Meltzner sold Condor I, including all of its intellectual property, to BAE Systems Inertial Products ("BAE"). Plaintiff Atlantic Inertial Systems Inc. ("AIS") acquired BAE in 2007.

After expiration of the sale agreement's non-compete provision, Meltzner founded a new gyroscope-manufacturing corporation with the name Condor Pacific Industries of California, Inc. ("Condor II"). Condor II hired Condor I's former employees, and began operating out of Condor I's old plant in Westlake Village, California.

---

[1] These facts and procedural history are substantially adopted from the Honorable Judge Jacqueline H. Nguyen's orders on plaintiff's motion for terminating sanctions and motion for final adjudication. Dkts. 162, 345. Judge Nguyen has since been elevated to serve on the United States Court of Appeals for the Ninth Circuit, and this case has been assigned to this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:08-cv-02947-CAS(PJWx) | Date | August 18, 2014 |
| Title | ATLANTIC INERTIAL SYSTEMS INC. V. CONDOR PACIFIC INDUSTRIES OF CALIFORNIA, INC. ET AL. | | |

On May 6, 2008, AIS filed suit against Meltzner and Condor II, alleging that Condor II had misappropriated intellectual property that BAE owned by virtue of Meltzner's sale of Condor I. AIS accused Meltzner of resurrecting Condor I, and using Condor I blueprints to manufacture gyroscope designs that Meltzner had previously sold to BAE. The operative First Amended Complaint ("FAC") asserted claims for (1) false designation of origin, (2) infringement of a common law mark, (3) common law unfair competition, (4) misappropriation of trade secrets relating to pricing information, (5) misappropriation of trade secrets related to drawing packages, (6) state law unfair competition and (7) interference with prospective economic advantage. Dkt. 37.

After substantial discovery litigation, Judge Nguyen imposed terminating sanctions against defendants with respect to AIS's third claim (common law unfair competition) and fifth claim (misappropriation of trade secrets related to drawing packages). The case subsequently proceeded to a jury trial on, among other issues, the monetary damages portion of AIS's third and fifth claims.

On March 4, 2011, the jury returned a defense verdict. Dkt. 300. Subsequent to the verdict, plaintiff filed a motion requesting, among other things, that Judge Nguyen award a reasonable royalty pursuant to Cal. Civ. Code § 3426.3(b). Dkt. 306. On August 25, 2011, Judge Nguyen denied plaintiff's motion. Dkt. 345. Thereafter, plaintiff appealed. On October 30, 2013, the Ninth Circuit issued a memorandum disposition reversing Judge Nguyen's order declining to award plaintiff a reasonable royalty. The Ninth Circuit remanded to this Court "to determine whether a royalty award is warranted and, if so, in what amount." Dkt. 372 at 3.

### B. Proceedings on Remand

On March 19, 2014, plaintiff and defendants filed Opening Briefs with this Court regarding further proceedings on remand. Dkt. 384, 386. Plaintiff replied on May 16, 2014, dkt. 401, and defendants responded on May, 19, 2014, dkt. 404. On June 23, 2014, the Court requested additional briefing regarding the standard to be employed in determining whether or not to grant a royalty. Dkt. 407. The parties submitted the relevant briefing to the Court on July 7, 2014. Dkt. 409, 411.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:08-cv-02947-CAS(PJWx) | Date | August 18, 2014 |
|---|---|---|---|
| Title | ATLANTIC INERTIAL SYSTEMS INC. V. CONDOR PACIFIC INDUSTRIES OF CALIFORNIA, INC. ET AL. | | |

     The parties disagree as to both the standard to be employed in determining whether or not to grant a royalty, as well as the method by which to calculate the royalty rate should the Court determine that a royalty is warranted. Plaintiff has proposed a royalty of $1.55 million, relying largely on the expert analysis of Neil J. Beaton. Dkt. 384. In turn, Beaton's analysis relies on a gyroscope licensing agreement between AIS and Instrument Tech ("the Agreement"). On July 7, 2014, defendants filed a Motion to Strike the Instrument Tech Agreement and to exclude any evidence based thereon. Dkt. 410. Plaintiff opposed the motion on July 14, 2014, dkt. 412, and defendants replied on July 21, 2014, dkt. 415.[2]

     The crux of defendants' argument is that plaintiff should have disclosed the Agreement several years earlier in response to defendants' discovery requests and pursuant to Rules 26(a) and 26(e). Defs.' Mot. Str. at 1. Accordingly, defendants ask the Court to strike the Agreement pursuant to Rule 37(c). Id. Assuming the Court decides to strike the Agreement pursuant to Rule 37(c), defendants further contend that Beaton's expert analysis must be excluded since it relies on the Agreement. Defs.' Reply at 12. In the alternative, defendants argue that the Agreement is irrelevant to the instant royalty analysis and should be excluded pursuant to Rules 402 and 403 of the Federal Rules of Evidence. Defs.' Mot. Str. at 11-12. According to defendants, the gyroscopes licensed in the Agreement have "nothing to do with" the gyroscopes at issue in the instant royalty dispute and thus would only confuse the issues and waste the Court's time. Defs.' Mot. Str. at 11.[3]

---

    [2] Defendants' reply raised doubts as to whether plaintiff had sufficiently authenticated the Instrument Tech Agreement. Accordingly, the Court directed plaintiff to submit supplemental briefing to address the authentication issue. Dkt. 424. Plaintiff filed a supplemental brief on August 8, 2014, dkt. 426, and on August 13, 2014 defendants filed objections to both the brief and the attached declarations of James Shoemaker and Matthew Hunter, dkt. 427. However, it appears that defendants' objections do not go to the authenticity of the Agreement, but rather to the admissibility of statements contained within the declarations. Accordingly, the Court now finds that the Instrument Tech Agreement has been properly authenticated.

    [3] Although both parties agree that Judge Nguyen's Terminating Sanctions Order governs the scope of defendants' liability for the purposes of the royalty analysis, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:08-cv-02947-CAS(PJWx) | Date | August 18, 2014 |
| Title | ATLANTIC INERTIAL SYSTEMS INC. V. CONDOR PACIFIC INDUSTRIES OF CALIFORNIA, INC. ET AL. | | |

Plaintiff responds that defendants never requested the Agreement during discovery and further, that the Agreement only became relevant when the jury determined that plaintiff was not entitled to damages, causing plaintiff to seek a reasonable royalty in lieu of damages. Pl.'s Opp'n at 1, 11-15. Plaintiff also contends that the Agreement, though admittedly a "slightly imperfect analogy," is nonetheless relevant to the instant royalty calculation. Pl.'s Opp'n at 7. Moreover, plaintiff argues that exclusion of the Agreement and any evidence based thereon–namely, Beaton's expert report–would be tantamount to a dismissal of this action. Pl.'s Opp'n at 9. The Court held a hearing on August 18, 2014. After considering the parties' arguments, the Court finds and concludes and follows.

## II. DISCUSSION

### A. Exclusion Pursuant to Rule 37(c)

Defendants first argue that the Agreement should be excluded under Rule 37(c) of the Federal Rules of Civil Procedure. Pursuant to Rule 37(c), if a party does not initially disclose information or fails to timely update this information in accordance with Rule 26(a) or Rule 26(e), "the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified <u>or</u> is harmless." (emphasis added). Preclusion of evidence is not required, however, particularly where preclusion would effectively result in dismissal of a claim. <u>Tseng v. Nordstrom, Inc.</u>, 2013 WL 5486768 (C.D. Cal. Mar. 25, 2013) (relying on <u>R&R</u>

---

parties disagree as to the type of gyroscopes covered by the Order. Defendants argue that Judge Nguyen's Order only applies to the sale of the 12000 Series gyroscope and, because the Instrument Tech Agreement concerns the 11000 Series gyroscope, the Agreement is not relevant to calculation of a royalty for defendants' misappropriation of the 12000 Series. Mot. Str. at 11. On the other hand, plaintiff contends that Judge Nguyen's Order covered <u>both</u> the 12000 Series and 11000 Series gyroscopes, and thus the Agreement provides a legitimate basis from which to calculate a royalty. Pl.'s Opp'n at 7. The Court expresses no view at this time as to the scope of the Terminating Sanctions Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:08-cv-02947-CAS(PJWx) | Date | August 18, 2014 |
| Title | ATLANTIC INERTIAL SYSTEMS INC. V. CONDOR PACIFIC INDUSTRIES OF CALIFORNIA, INC. ET AL. | | |

Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d 1240, 1247 (9th Cir.2012)).  Whether preclusion of evidence is dispositive of an issue or not, a court may consider whether there are alternate courses of action that might cure any prejudice suffered due to the non-disclosure.  See R&R Sails, Inc, 673 F.3d at 1247.

   Defendants assert that they have suffered irreparable prejudice.  First, defendants argue that the passage of time likely has led to loss of evidence relating to the Agreement; moreover, defendants argue that further discovery regarding the Agreement will force them to incur additional costs and necessitate re-deposing witnesses..  Second, defendants contend that, had they had access to the Agreement during litigation, they could have advanced arguments that might have precluded imposition of terminating sanctions or altered the factual findings of the jury.  Similarly, defendants contend that earlier access to the Agreement might have strengthened their argument for imposition of discovery sanctions against plaintiff.

   In this case, the Court concludes that striking the Agreement would be the type of preclusive sanction that is disfavored by Rule 37(c).  Any alleged harm may be cured by limited additional discovery pertaining to the contents of, and circumstances surrounding, the Agreement.

   Accordingly, because the Court intends to reach the merits of the royalty determination and defendants will have the opportunity to conduct additional discovery into the Agreement, the Court finds that the Agreement should not be stricken.  Similarly, the Court finds that evidence based on the Agreement should not be excluded.

   B.   **Exclusion Pursuant to Rules 402 and 403**

   Defendants next argue that the Agreement is irrelevant to the royalty analysis under Rule 402 of the Federal Rules of Evidence and relatedly, that the Agreement would confuse the issues and should be excluded under Rule 403.  The Court finds this argument not suitable for resolution on a motion to strike.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**               **'O'**

| Case No. | 2:08-cv-02947-CAS(PJWx) | Date | August 18, 2014 |
|---|---|---|---|
| Title | ATLANTIC INERTIAL SYSTEMS INC. V. CONDOR PACIFIC INDUSTRIES OF CALIFORNIA, INC. ET AL. | | |

## IV.   CONCLUSION

In accordance with the foregoing, defendants' request to strike the Instrument Tech Agreement and exclude any evidence based theron is hereby DENIED.

IT IS SO ORDERED.

|  |  | 00 | : | 15 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |